UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
            v.               )     CRIMINAL NO. ~~0414-1111-JGD~~ 05-1003-JLT
                             )
HAMMAN MOUSLI                )

*6/8/05 Request for hearing allowed — hearing held on this date. Request for pretrial release denied. See separate order this date. [signature] USMJ*

## MOTION TO REQUEST DETENTION HEARING AND
## MEMORANDUM IN SUPPORT OF PRE-TRIAL RELEASE

The defendant, Hamman Mousli, respectfully requests the
Court schedule a detention hearing in this case.  Mr. Mousli
agreed to voluntary detention, he now wishes to be released with
specific conditions imposed by the Court.

Mr. Mousli has been detained, in both state and federal
custody since June 10, 2004 for this specific offense.  An
immigration detainer has been lodged against him since
Immigration & Customs Enforcement(ICE) records reflect Mr.
Mousli is out of status and therefore removable from the United
States.

## I. PROPOSED CONDITIONS OF RELEASE

1. If released from the immigration detainer, obtain a place of residence on his own or with third parties approved by the Court;

2. Participate in an electronic monitoring program, when not working or otherwise permitted to be outside the stipulated abode;

3. Maintain employment on the terms stipulated by the Court;

4. Agree to have his phone consensually monitored at the home, if the Court desires;

5. Avoid all contact with potential witnesses;

6. Report on a regular basis to Pre-Trial Services, either in person or by phone, as often as is required.

7. Drug screening as the Court or probation deem necessary.

## II. LEGAL FRAMEWORK

18 U.S.C. Sec. 3141, et seq., is entitled Release and Detention Pending Judicial Proceedings and controls herein. 18 U.S.C. 'Sec. 3142, mandates the Pre-Bail Reform Act of 1984 (The Act) presumption that release shall be ordered upon personal recognizance or upon unsecured appearance bond for the majority of Federal defendants. United States v. Berrios-Berrios, 791 F.2d 246, 250 (2nd Cir 1986) quoting S. Rep. at 3189. The legislative history of The Act makes clear that detention is to be the exception, rather than the rule. U.S. v. Holloway, 781

F.2d 124, 125 (8th Cir. 1986) quoting pp. 3-7 from S.Rep. at
3189.

Pre-trial detention is authorized only upon proof by the
Government that no condition or combination of conditions will
either reasonably assure the appearance of the Defendant as
required, (standard of proof by a preponderance of the evidence
for risk of flight) or will reasonably assure the safety of any
other person and the community, 18 U.S.C. 'Sec. 3142(f)
(standard of proof by clear and convincing evidence for
continuing danger index).

The federal judicial officer must impose the least
restrictive bail conditions necessary to ensure public safety
assuming, arguendo, that release on personal recognizance or
unsecured appearance bond will not provide adequate assurances.
18 U.S.C. 'Sec. 3142 (c); U.S. v. Himler, 797 F.2d 156, 161.
Section 3142(c) sets out a list of possible conditions which a
judicial officer may impose, while Section 3142(g) sets out
factors to consider in determining whether any of the
aforementioned conditions will in fact reasonably assure safety
or appearance.

Mousli poses neither a risk of flight nor a danger to the
community should he be released. It is respectfully suggested
that Hamman Mousli is a good candidate for release.

Respectfully Submitted,
Hamman Mousli,
By his attorney

Francisco Fernandez, BBO 653771
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
(617) 227-2800

## CERTIFICATE OF SERVICE

I, Francisco Fernandez, attorney for the Defendant in the
above-captioned action, do hereby certify that on this 8th day of
June, 2005, a true and exact copy of the foregoing Motion, was
served, to AUSA Gregory T. Moffatt and to the Pre-Trial
Services' Office by hand delivery.

Francisco Fernandez