UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
05-10033-JLT

UNITED STATES OF AMERICA

v.

HAMMAN MOUSLI

# MEMORANDUM AND ORDER ON
# GOVERNMENT'S MOTION FOR DETENTION

June 8, 2005

DEIN, M.J.

## I. GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a superseding indictment with possession of counterfeit securities in violation of 18 U.S.C. § 472, and being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A). He was originally charged by way of a criminal complaint with being an illegal alien in possession of a firearm. An initial appearance was held on September 29, 2004, at which time the defendant was represented by counsel. The government moved for detention on the grounds that the defendant poses a serious risk of flight, and that detention was warranted pursuant to 18 U.S.C. § 3142(f)(2)(A). After several continuances requested by the defendant's counsel, a detention hearing was held on October 27, 2004, at which time the defendant was represented by counsel. The defendant, through counsel, waived his right to a detention hearing at that time, and consented to an order

of detention without prejudice. A probable cause hearing was held on November 8, 2005, at which time testimony was given by State Police Officer Thomas Sarrouf. The defendant was represented by counsel who cross-examined the witness. At the conclusion of the hearing this court found probable cause.

A Final Status Conference was held on this date, at which time the defendant appeared and was represented by counsel. The defendant requested review of the issue of detention, citing the length of time he has been incarcerated as grounds for his release.[1] The defendant, however, was unable to identify any specific location to which he wanted to be released. In addition the court was informed that an ICE detainer had been placed on the defendant.

Both the government and the defendant proceeded by way of proffer and argument. Based on this hearing, this court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's appearance as required, and that detention is appropriate under 18 U.S.C. § 3142(f)(2)(A).

## II. THE BAIL REFORM ACT

A.     Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a

---

[1] Reviewing the file the court finds that there has not been undue delay in prosecution of this case, and that the time which has elapsed has been appropriate with the progress of the case and representations of counsel.

condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.  The government is entitled to move for detention on grounds of danger to the community in a case that –

  (1)  involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

  (2)  involves an offense punishable by death or life imprisonment;

  (3)  involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[2] or more; or

  (4)  involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime,

---

[2] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  See United States v. Moss, 887 F.2d 333, 336-37 (1st Cir. 1989).

the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses.  <u>See</u> 18 U.S.C. § 3142(f).

C.In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

>(1)the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
>(2)the weight of the evidence against the accused;
>
>(3)the history and characteristics of the person, including --
>
>>(a)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>(b)  whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
>(4)the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).[3]

---

[3] No rebuttable presumptions under 18 U.S.C. § 3142(g) apply in this case.

### III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the defendant's presence at trial.

#### A.  The Offense Charged And Weight Of The Evidence

The defendant is charged with possession of counterfeit securities and being an illegal alien in possession of a firearm.  The evidence against him appears strong.  Specifically, but without limitation, Mousli was arrested on April 6, 2004 and charged with shoplifting based on his alleged use of fraudulent UPC stickers on items sold by Target.  A state search warrant was obtained on June 9, 2004 for Mousli's apartment.  During the search officers discovered counterfeit money and a Smith & Wesson .38 revolver and a Marlin .60 rifle.

Mousli is in the United States illegally.  He entered the United States in around 1981 on a student visa which expired many years ago.

#### B.  History And Characteristics Of The Defendant

As noted above, the defendant is in this country illegally.  He is a citizen of Syria.  He was born in Damascus on May 1, 1959.  He entered the United States in 1981 on a student visa, but dropped out of school after one semester.  There is a detainer lodged against the defendant by BICE.

The defendant is single and has no children. All of his family lives in the Middle East, although he does not have contact with them. Due to his immigration status, the defendant cannot be lawfully employed in the United States. He reports being self-employed for a period.

The defendant has a prior criminal record in New Hampshire. He was convicted of hindering apprehension/prosecution in 1995. He was convicted of fraudulent use of a credit card in 1997.

### C. Risk of Flight

The defendant has no ties to Massachusetts. He has no employment or family here. If convicted of the crime charged, he is likely to be deported. He has been found in the possession of counterfeit money. The defendant has a prior criminal record, but nevertheless it appears that he was unable to conform his behavior to act in accordance with the law. The defendant is unable to identify any location at which he could reside if released. Under such circumstances, the risk of flight is high. The government has proved by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings.

### IV. ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

                                              / s / Judith Gail Dein  
                                              Judith Gail Dein  
                                              United States Magistrate Judge