UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10033-JLT |
| | ) | |
| HAMMAN MOUSLI | ) | |

### MOTION TO SUPPRESS EVIDENCE FROM SEARCH AND SEIZURE AT 19 ORVIS ROAD, REVERE, MA.

     Defendant, Hamman Mousli, moves to suppress the fruits of an illegal search at his apartment at 19 Orvis Road, Revere, Massachusetts conducted on or about June 9, 2004.

     On June 9, 2004, Somerville, MA. Police detectives obtained and executed a search warrant for 19 Orvis Road, Revere, Massachusetts. A copy of the warrant and application is attached hereto as Exhibit 1. Somerville police detectives do not fully describe the entrances to the address or the fact that it was compromised of two separate units. The search was of the basement apartment and took place on June 9. The police report mentions the recovery of a .38 caliber handgun, a .22 caliber rifle as well as alleged counterfeit United States Currency during the execution of this warrant, yet the firearms and alleged counterfeit currency fail to be listed as items seized in the return of the warrant. See Inventory and log form Exhibit 2. Defendant seeks to suppress all fruits of the search, including evidence seized, observations made, and information obtained as a result of the evidence seized.

     As grounds for this motion, defendant states that:

A) The search warrant was not specific as to the place to be searched, lacked probable cause and reliance on the warrant was not objectively reasonable;

B) The police exceeded the scope of the warrant.

    A.      THE SEARCH WARRANT LACKED SPECIFICITY AND PROBABLE CAUSE.

A search warrant application must establish probable cause that "(1) a particular person has committed a crime (the 'commission' element), and (2) enumerated evidence of the offense will be found at the place to be searched (the 'nexus' element)." United States v. Beckett, 321 F. 3D 26, 31 (1ST. Cir. 2003) (citing United States v. Zayas Diaz, 95 F. 3d 105, 110-11 (1st Circ. 1996)). "Under the 'probable cause' standard, the 'totality of the circumstances' disclosed in the supporting affidavit must demonstrate 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Zayas Diaz, 95 F. 3d at 111 (quoting Illinois v. Gates 103 S.Ct. 2317, 2332 (1983)).

The warrant application in this case founders on the "nexus" element. First, Detective McCain gives a general description of the home located at 19 Orvis Road as the target premises. Mr. Mousli was a tenant of a small basement unit of this home with a separate entrance located in the back of the residence. The entrance was a back door at the bottom of a few steps. See Defendant's Affidavit Exhibit 3. His landlord resided on the other floors of 19 Orvis Road. The description of the property is of the entire property, never does the affidavit mention a separate basement unit or that there were even separate units. The description of the property fails to mention the entrance to Mr. Mousli's unit, nowhere is the back door mentioned in the warrant. The warrant application and affidavit are too vague in describing 19 Orvis Road in its entirety as the area to be searched.

Seizure of personal property is ordinarily per se unreasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing "the place to be searched", and the "things to be seized". See United States v. Place, 462 U.S. 696, 701, 701 n.2 (1983) (quoting Fourth Amendment). Authority to search is limited to specific places described in the warrant, and does not extend to additional or different places. United States v. Principe, 499 F. 2D 1135, 1137 (1ST. Circ. 1974). The descriptions provided on the warrant are "highly relevant in determining the permissible scope" of the search. United States v. Vaughan, 875 F. Supp. 36, 43

(D. Mass. 1995). Furthermore, when a structure is divided into more than one unit, "there must be cause to search each unit". United States v. Baldacchino, 762 F.2d 170, 177 (1st. Circ. 1985) ("A search covering an entire street address is authorized where probable cause exists as to one portion of a multiunit building only when the building is used as a single entity or the suspect is in control of the whole premises") (emphasis added, citations omitted); see also United States v. Keiningham, 287 F.2d 126, 129 (D. C. Cir. 1960) (Police may not search adjacent apartment, even though they found a door cut into the wall between the two, and the defendants were shown to have used both as a single unit). The search warrant related to Mr. Mousli did not specify that the address was divided into two separate units much less which unit was the target premises. see also State v. Erickson, 496 N.W. 2d 555, 561 (N.D. 1993) ("Mere access to (adjoining basement) is insufficient to extend the reach of the warrant"); Commonwealth v. Taylor, 771 A2.d 1261, 1266 (Pa. 2001) (where warrant was for convenience store at a particular address, police exceeded scope of warrant by searching basement area, even though "persons entering the store could pass freely between the first floor and the basement").

    Furthermore the warrant application failed to establish probable cause to believe that firearms and alleged counterfeit currency would be located in Mr. Mousli's basement apartment or that such items were evidence of a crime. The affidavit does not demonstrate the existence of Mr. Mousli's basement unit, much less the presence of guns, counterfeit currency or any other contraband at that location. No facts whatsoever showed the necessary nexus between the person or items sought and the place to be searched. See United States v. Hove, 848 F.2d 137, 140 (9th Cir. 1988). Such information surely would have been readily available -- and included -- if it existed. Cf. United States v. Fuccillo, 808 F.2d 173, 178 (1st Cir. 1987). The affiant failed to make even a minimal effort to link the items sought to the place to be searched. See Aguilar v. Texas, 378 U.S. 108 (1964) (statement that affiant received reliable information from a credible person and believed that heroin is stored in a home held insufficient); Nathanson v. United States, 290 U.S. 41 (1933) (insufficiency of statement that affiant has cause to suspect and does believe that illegal liquor is on certain premises).

    The weapons and the alleged counterfeit currency seized do not appear in the inventory of items in the return of the warrant or in the seizure log form of items. See inventory and log form

Exhibit 2.

The good faith exception set forth in <u>United States v. Leon</u>, 468 U.S. 897 (1984) does not apply in this case where the warrant was supported by a vague affidavit.  <u>Id.</u> at 923-926.  <u>See also</u> <u>United States v. Barrington</u>, 806 F.2d 529 (5th Cir. 1986).  The good faith exception only applies where reliance on the warrant is <u>objectively</u> reasonable.  <u>Leon</u>, 468 U.S. at 922.

B.    THE OFFICERS EXCEEDED THE SCOPE OF THE WARRANT.

<u>EVIDENCE OF THE FIREARMS AND SUPPOSED COUNTERFEIT CURRENCY MUST BE SUPPRESSED</u>

Detective Sergeant Joseph McCain of the Somerville Police Department's affidavit incorporates an affidavit of investigator Mathew Townsend of the Target Corporation.  <u>See</u> Warrant Affidavits Exhibit 1.  Both affidavits focus on an investigation of Mr. Mousli related to switching of UPC codes on products which would allow for their purchase at amounts less than their true value.

The Fourth Amendment to the U.S. Constitution provides:

The right of the people to be secure in their persons, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and <u>particularly describing the place to be searched, and the persons or things to be seized</u>. (Emphasis added).

The warrant by its terms did not authorize the police to seize any firearms they found in the basement unit of 19 Orvis Road. The warrant authorized the seizure of items or papers evidencing UPC switching or fraud. <u>See</u> Warrant Exhibit 1.  Since the seizures at issue here were not expressly authorized by the warrant, they were unreasonable and unlawful unless the Government can show they fell within a recognized exception to the warrant requirement. <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 454-455, 91S.Ct. 2022, 2032 (1971). In this case, seizure of the guns was not justifiable as "plain view" seizures because the incriminating nature of the gun was not immediately apparent when it was seized. It is alleged that the .38 caliber handgun was located in a jacket pocket

in the bedroom closet while the .22 caliber rifle was in a box in that same closet. The guns and currency were not connected with the crime under investigation. <u>Horton v. California</u>, 496 U.S. 128, 142, 110 S.Ct. 2301, 2310-2311 (1990)(plain view seizure of guns used in armed robbery valid where weapons were discovered during search where warrant authorized seizure of specified robbery proceeds but failed to enumerate weapons used in the robbery). Nor is gun possession in one's home without more, a crime in the Commonwealth of Massachusetts. <u>See</u> M.G.L.c. 269 S 10(a)(2), probating possession of a firearm <u>not</u> at home or work; <u>United State v. Smith</u>, 899 F.3d. 116(1st Circ. 1990); <u>United State v. Collins</u>, 2003 U.S.Dist. LEXIS 8705 (D. Mass)(unpublished op.). Since the police lacked probable cause to believe that firearms and alleged counterfeit currency were contraband or were linked to any other particular criminal activity at the time they seized the evidence, the seizure was unlawful and this evidence should be suppressed.

CONCLUSION

      For the foregoing reasons, defendant's motion should be allowed.

RESERVATION OF RIGHT TO AMEND / SUPPLEMENT MOTION

      Defendant respectfully reserves the right to amend or supplement this motion in response to the government's reply. Further, defendant specifically reserves the right to seek discovery and pursue a hearing pursuant to Franks v. Delaware, 98 S. Ct. 2674 (1978), should ongoing investigation reveal such action appropriate.

REQUEST FOR EVIDENTIARY HEARING

      Defendant requests an evidentiary hearing on this motion.

Dated: June 15, 2005                        Respectfully submitted,
                                            Hamman Mousli
                                            By his attorney,

                                            /s/ *Frank Fernandez*
                                            Frank Fernandez
                                            Denner O'Malley LLP
                                            Four Longfellow Place, 35th Floor
                                            Boston, MA 02114
                                            (617) 227-2800

## CERTIFICATE OF SERVICE

I, Frank Fernandez that a true copy of the above document was served upon Assistant United States Attorney Gregory Moffatt by delivery on June 15, 2005.

                                            /s/ Frank Fernandez
                                            Frank Fernandez