UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-10033-JLT |
| ) | |
| HAMMAN MOUSLI ) | |

# MOTION REQUESTING REVIEW OF DETENTION ORDER AND MEMORANDUM IN SUPPORT OF PRE-TRIAL RELEASE

The defendant, Hamman Mousli, respectfully requests the Court reconsider the issue of detention in this case. Mr. Mousli was denied release upon his motion on June 8, 2005, by the Honorable J.G. Dein, he now wishes to revisit the issue of his release based on changed circumstances, more specifically his length of incarceration potentially extending beyond that which he would face if convicted.

Mr. Mousli has been detained, in both state and federal custody since June 10, 2004 for this specific offense. An immigration detainer has been lodged against him since Immigration & Customs Enforcement(ICE) records reflect Mr. Mousli is out of status and therefore removable from the United States.

The total offense level he faces in this matter is estimated at Level 15 with a criminal history category of 3, the guideline range would be between 24-30 months. If Mr. Mousli is given credit for the approximately 3 and a half months in state custody prior to his placement in federal custody, he would be presently detained for 20 months as of February 10, 2006. The defendant believes mitigating factors do exist warranting a sentence below the guidelines thus placing Mr. Mousli in a position of possibly being detained beyond a sentence the Court may potentially impose if he were to be convicted.

## I. PROPOSED CONDITIONS OF RELEASE

1. If released from the immigration detainer, obtain a place of residence on his own or with third parties approved by the Court;

2. Participate in an electronic monitoring program, when not working or otherwise permitted to be outside the stipulated abode;

3. Maintain employment on the terms stipulated by the Court;

4. Agree to have his phone consensually monitored at the home, if the Court desires;

5. Avoid all contact with potential witnesses;

6. Report on a regular basis to Pre-Trial Services, either in person or by phone, as often as is required.

7. Drug screening as the Court or probation deem necessary.

II.  LEGAL FRAMEWORK

18 U.S.C. Sec. 3141, et seq., is entitled Release and Detention Pending Judicial Proceedings and controls herein.  18 U.S.C. 'Sec. 3142, mandates the Pre-Bail Reform Act of 1984 (The Act) presumption that release shall be ordered upon personal recognizance or upon unsecured appearance bond for the majority of Federal defendants.  United States v. Berrios-Berrios, 791 F.2d 246, 250 (2nd Cir 1986) quoting S. Rep. at 3189.  The legislative history of The Act makes clear that detention is to be the exception, rather than the rule.  U.S. v. Holloway, 781 F.2d 124, 125 (8th Cir. 1986) quoting pp. 3-7 from S.Rep. at 3189.

Pre-trial detention is authorized only upon proof by the Government that no condition or combination of conditions will either reasonably assure the appearance of the Defendant as required, (standard of proof by a preponderance of the evidence for risk of flight) or will reasonably assure the safety of any other person and the community, 18 U.S.C. 'Sec. 3142(f) (standard of proof by clear and convincing evidence for continuing danger index).

The federal judicial officer must impose the least restrictive bail conditions necessary to ensure public safety assuming, arguendo, that release on personal recognizance or unsecured appearance bond will not provide adequate assurances.

18 U.S.C. 'Sec. 3142 (c); <u>U.S. v. Himler</u>, 797 F.2d 156, 161. Section 3142(c) sets out a list of possible conditions which a judicial officer may impose, while Section 3142(g) sets out factors to consider in determining whether any of the aforementioned conditions will in fact reasonably assure safety or appearance.

    Mousli poses neither a risk of flight nor a danger to the community should he be released. It is respectfully suggested that Hamman Mousli is a good candidate for release, especially considering that he has been detained for 20 months while facing a potential guideline range between 24-30 months.

Date: February, 23, 2006    Respectfully Submitted,
Hamman Mousli,
By his attorney,

/S/ *Frank Fernandez*
Francisco Fernandez, BBO 653771
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
(617) 227-2800

**CERTIFICATE OF SERVICE**

    I, Francisco Fernandez, attorney for the Defendant in the above-captioned action, do hereby certify that on this 23th day of February, 2006, this motion was served through the ECF system to all those parties who are registered users and mailed to those parties not registered on ECF.

/S/ *Frank Fernandez*
Francisco Fernandez