UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | Criminal No. 05-10033-JLT |
| HAMMAN MOUSLI | ) ) ) | |

GOVERNMENT'S REQUESTS FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney Gregory Moffatt, hereby submits its requests for jury instructions in the above-captioned action. The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions.

                                                Respectfully Submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

              By:      /s Gregory Moffatt
                          GREGORY MOFFATT
                          Assistant U.S. Attorney
                          617-748-3370

June 7, 2006

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1
### (EXPERT TESTIMONY – TO BE USED IF EXPERT TESTIFIES)

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state reasons for their opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of methods used, and all the other evidence in the case.

Edward J. Devitt et al., Federal Jury Practice and Instructions, §14.01 (4th ed. 1990) (modified).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**
**(INDICTMENT)**

<u>COUNT ONE:</u>    (18 U.S.C. 472 - Possession of Counterfeit Securities)

Count One of the Superseding Indictment in this case reads as follows:

The Grand Jury charges that:

On or about June 9, 2004, at Revere, in the District of Massachusetts,

Hamman Mousli

defendant herein, did with intent to defraud, possess and conceal falsely made, forged and counterfeit securities of the United States; to wit, ten treasury notes identified as follows:

   A $20 note bearing serial number EA 01767005A
   A $20 note bearing the serial number EA 01767005A
   A $20 note bearing the serial number EA 11666978A
   A $1 note bearing the serial number EA L24983342I
   A $50 note bearing the serial number EA 00891837A
   A $20 note bearing the serial number EC 63687578A
   A $20 note bearing the serial number EA 73963750B
   A $50 note bearing the serial number A 0089137A (obverse side)
   A $100 note bearing the serial number K 41890383A
   A $100 note bearing the serial number AB 22325544K.

 All in violation of 18 U.S.C. § 472.

The first count of the indictment charges the defendant with violating Section 472 of Title 18 United States Code.  This is a criminal statute which provides that it is unlawful for any person who, with intent to defraud, possess or conceal any falsely made, forged, counterfeited, or altered obligation or other security of the United States.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt

of the following three elements:

**First:** That the defendant had an intent to defraud; and

**Second:** that the defendant had in his possession or concealed

**Third:** any falsely made, forged, counterfeited, or altered obligation or other security of the United States.

18 U.S.C. § 472.

## GOVERNMENT'S PROPOSED Instruction NO. 3
### (Intent to Defraud)

The government must prove that the defendant acted with the intent to defraud. To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. It is not necessary, however, to prove that the United States or anyone else was in fact defrauded.

United States v. Speaks, 453 F.2d 966, 969n. 9 (1st Cir. 1971), cert. denied, 405 U.S. 1071 (1972); Edward J. Devitt et al., Federal Jury Practice and Instructions, §16.07 (4th ed. 1990).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 4**
**(Possession – Actual or Constructive)**

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed or concealed one or more United States securities.  What do we mean by the term possessed when used in a legal sense? The law recognizes two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a give time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.  Constructive possession exists when a person does not have actual possession of an object but knowingly has the power and the intention at a given time of exercising dominion and control over an object.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.  It is not necessary to prove ownership of the object.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession.

United States v. Rogers, 41 F.3d 25, 30 (1st Cir. 1994); United States v Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v Craven, 478 F.2d 1329, 1337 (6th Cir.), cert. denied, 414 U.S. 866 (1973); Edward J. Devitt et al., Federal Jury Practice and Instructions, §§16.05, 36.12 (4th ed. 1990); Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-59 (1993).

## **GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**
### **(Counterfeit)**

The government must also prove that the obligations or other securities of the United States defendant allegedly possessed were counterfeited. The term "counterfeit" means made in order to bear such a likeness or resemblance to something genuine that it is calculated to deceive an honest, sensible, and unsuspecting person of ordinary observation and using care when dealing with a person who is presumed to be honest and upright. A United States security or obligation is money or dollar bills.

United States v. Lustig, 159 F.2d 798, 802 (3rd Cir. 1947); United States v. Brunson, 657 F.2d 110, 114 (7th Cir. 1981), cert. denied, 454 U.S. 1151; Edward J. Devitt et al., Federal Jury Practice and Instructions, Criminal §29.12 (4th ed. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
### (Illegal Alien In Possession Of A Firearm)

<u>COUNT TWO</u>: (18 U.S.C. § 922(g)(5)(A) - Illegal Alien In Possession Of A Firearm)

Count Two of the Superseding Indictment reads as follows:

The Grand Jury Further charges that:

On or about June 9, 2004, at Revere, in the District of Massachusetts,

HAMMAN MOUSLI

defendant herein, being an alien illegally and unlawfully in the United States, did possess in or affecting interstate commerce, firearms; to wit, a Smith and Wesson 38 special handgun bearing the serial number BCA2229, and a Marlin .60 caliber rifle bearing serial number 10462050.

All in violation of Title 18, United States Code, Section 922(g)(5)(A).

The second count of the indictment charges the defendant with violating Section 922 (g)(5)(A) of Title 18 of the United States Code. This is a criminal statute which provides that it is unlawful for any person who, being an alien illegally or unlawfully in the United States, to possess any firearm in or affecting commerce. Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

**First:** That defendant is an alien illegally or unlawfully in the United States; and

**Second:** that defendant knowingly possessed one or more of the firearms described in the indictment; and

**Third:** that one or more of the firearms was connected with interstate commerce.  This means that the firearm, at any time after it was manufactured, moved from one state to another.  The travel need not have been connected to the charge in the indictment and need not have been in furtherance of any unlawful activity.

## **GOVERNMENT'S PROPOSED INSTRUCTIONS NO. 7**
### (Illegal Or Unlawful Alien)

The government must prove that defendant is an illegal or unlawful alien. The term "illegal or unlawful alien" means a person who has come into or remained in the United States in violation of the law. The defendant need not have known he was in the United States illegally.

<u>United States v. Montero-Camargo</u>, 177 F.3d 113 (9th Cir. 1999).
<u>Federal Jury Practice and Instructions</u>, § 61.04 (5th ed. 2000).

## GOVERNMENT'S PROPOSED INSTRUCTION NO.8
### (Possession – Actual or Constructive)

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm or ammunition.  As I previously described with respect to the currency which is the subject of Count One, the law recognizes two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a give time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.  Constructive possession exists when a person does not have actual possession of an object but knowingly has the power and the intention at a given time of exercising dominion and control over an object.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.  It is not necessary to prove ownership of the object.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession of a firearm.

United States v. Rogers, 41 F.3d 25, 30 (1st Cir. 1994); United States v Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v Craven, 478 F.2d 1329, 1337 (6th Cir.), cert. denied, 414 U.S. 866 (1973); Edward J. Devitt et al., Federal Jury Practice and Instructions, §§16.05, 36.12 (4th ed. 1990); Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-59 (1993).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
### (FIREARM)

The possession to which I have referred must be of a "firearm." The term "firearm" means any weapon which will, or is designed to, expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device. This definition of "firearm" includes handguns, rifles, and shotguns.

18 U.S.C. §921 (a)(17)(a); United States v Bartelho, 71 F.3d 436, 438 (1st Cir. 1995).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
### (Knowledge)

The government must also establish beyond a reasonable doubt that the defendant was in <u>knowing</u> possession of a firearm. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing a firearm.

<br>

United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v Freed, 401 U.S. 601, 607-610 (1970)(construing similar provision contained in 26 U.S.C. §5861)d)); United States v Lamare, 711 F.2d 3, 6 (1st Cir. 1983); United States v Powell, 513 F. 2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v Hardy, No. 91-10180-K, Charge to Jury at 25 (D. Mass. Nov. 13, 1992)(Keeton, J.).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
### (Proof of Knowledge)

Since it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the fact and circumstances surrounding his conduct, and any reasonable inferences to be drawn from facts and circumstances.

A firearm is possessed knowingly if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991)(Keeton, J.); Edward J. Devitt et al., Federal Jury Practice and Instructions, §17.07 (4th ed. 1990); Leonard B. Sand et al., Modern Federal Jury Instructions, No. 6-17 (1993).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
### (Interstate Commerce)

The third element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of a firearm was in or affecting commerce.  The term "in or affecting commerce" simply means that the firearm must have had some minimal link to interstate commerce.  This element is satisfied if it is established beyond a reasonable doubt that at some time after being manufactured, the firearm moved across a state line or international boundary.  Thus, if it is established that the firearm was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

One of the firearms in this case, the Smith and Wesson handgun, was manufactured in Massachusetts.  Thus, with respect to the firearm, the government is required to prove that at some point after the firearm was manufactured, it was not in Massachusetts.  It is not necessary for the government to prove that the defendant purchased the firearm in some other state and carried it into Massachusetts, although that would be sufficient to prove that element.  Nor must the government prove who did purchase the firearm or how it arrived in Massachusetts.  In addition, the government does not have to prove that the defendant knew that the firearm had crossed state or national boundary lines.  All that is required is proof that the firearm

had traveled in interstate commerce by moving across a state or boundary line at any time prior to the defendant's alleged possession of it.

---

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977); United States v. Gillies, 851 F.2d 492, 492-496 (1st Cir. 1988); United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975); Edward J. Devitt et al., Federal Jury Practices and Instructions, §36.14 (4th ed. 1990); Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-55 (1993).