UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA    )
                            )
v.                          )   Crim. No. 05-10033-JLT
                            )
HAMMAN MOUSLI               )
         Defendant          )
_____)

GOVERNMENT'S OPPOSITION IN PART TO
DEFENDANT'S MOTION FOR RETURN OF PROPERTY

The government opposes the defendant's motion for return of seized property to the extent that he seeks the return of items that constitute contraband. On June 13, 2006, a jury convicted defendant Hamman Mousli (the "defendant" or "Mousli") of possession of counterfeit securities, in violation of 18 U.S.C. § 472 (Count One), and with being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §922(g)(5)(a) (Count Two). See Docket #44 (Criminal Judgment). This Court sentenced the defendant to time served and supervised release for the period of two years. One of the conditions of the defendant's supervised release was that he not possess any firearms or dangerous weapons. Since his conviction, the Immigration Court has entered an order of deportation against the defendant. He is currently awaiting deportation to Syria.

On December 28, 2007, the government received electronic notice that the defendant had filed a motion for the return of his property. The undersigned counsel is unaware of any agreement between the defendant and the government for the return

of his property.  On June 9, 2004, Somerville police officers executed a search warrant at the defendant's residence.  Pursuant to this warrant, the officers seized ten bills that appeared to be counterfeit in various denominations, a Smith and Wesson 38 special handgun, a Marlin .60 caliber rifle, a Sony laptop computer, three other computers and four boxes of computer equipment and electronic devices.  The government agrees to return the defendant's property[1] with the exception of the counterfeit currency and two firearms.

A defendant is entitled to the return of seized property at the conclusion of criminal proceedings unless it is contraband or subject to forfeiture.  <u>United States v. Chambers</u>, 192 F.3d 374, 376 (3d Cir. 1999); see <u>United States v. Pierre</u>, 484 F.3d 75, 87 (1st Cir. 2007) ("'Rule 41[(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'") (citations omitted).  Here, in light of the jury verdict, there is no question that the currency seized from the defendant constituted counterfeit securities.  Likewise, the defendant is prohibited from possession of the two firearms as an illegal alien and under the conditions of his supervised release. Accordingly, the government respectfully requests that this Court

---

[1] The defendant can make arrangements to obtain this property by contacting FBI Special Agent Darryl Wegner at (617)742-5533.

deny the defendant's motion to the extent it seeks the return of contraband -- that is, counterfeit currency and two firearms.

WHEREFORE, the government respectfully requests that the Court order the return of seized property EXCEPT the counterfeit currency and firearms to defendant Mousli.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:   /s/ B. Stephanie Siegmann
>B. STEPHANIE SIEGMANN
>Assistant U.S. Attorney

DATED: February 26, 2008

### CERTIFICATE OF SERVICE

I hereby certify that this opposition filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

> /s/ B. Stephanie Siegmann
> B. STEPHANIE SIEGMANN